There is no error in the judgment from which the appeal is taken in this case, hence, it is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.

THE STATE, EX REL. SIMONS, APPELLANT, *v.* KISER, APPELLEE.

(No. 710—Decided March 27, 1953.)

*Messrs. Spidel, Staley & Hole,* for appellant.
*Mr. T. A. Billingsley,* for appellee.

*Per Curiam.* This cause is submitted on the motion of appellee to dismiss the appeal.

The only error assigned by the appellant, Helen Simons, is that the trial court committed error in overruling her motion for judgment *non obstante veredicto.*

This is a bastardy case. The cause was first tried in 1950, a verdict in favor of complainant resulted, and a motion for new trial was sustained. From the order sustaining the motion for new trial an appeal was taken to this court. After the Supreme Court held, in *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1, 100 N. E. (2d), 211, that an order sustaining a motion for new trial is not a final order, this court dismissed the appeal. Abuse of discretion was not involved.

The case was again tried in 1952, and a verdict for defendant resulted. The complainant filed a motion for judgment *non obstante verdicto* on the ground that it now appears there was no error in the first trial, and that judgment should now be rendered for her. From the order overruling the motion this appeal was taken.

No bill of exceptions has been filed. A motion for judgment *non obstante veredicto* at the end of the second trial is necessarily directed to the proceedings on the second trial. In ruling on such motion, the trial court cannot consider any favorable legal position accruing to complainant in the first hearing. The granting of a new trial eliminates from further consideration all such matters.

From the state of the record, the appeal should not be dismissed, but the proper order for this court to make is an affirmance of the judgment. It is so ordered.

*Judgment accordingly.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.